■ OSCAR WILLIAMS, Individually and as Trustee of the Calvary Baptist Church, Inc., Respondent, v. J. S. PHIFER, Individually and as Pastor of the Calvary Baptist Church, Inc., et al., Appellants.— In an action for an injunction, the defendants appeal from an order of the Supreme Court, Westchester County, dated January 31, 1963, which (1) granted plaintiff's motion for an injunction *pendente lite* and (2) also directed that the action be preferred on the Special Term Part II Calendar of the court for disposition on a day certain. Order reversed, with $10 costs and disbursements; motion for an injunction *pendente lite* denied; and preference vacated. On the record presented the granting of the injunction *pendente lite* and the preference was an improvident exercise of discretion. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ ROSE WEILMINSTER, Respondent, v. WESTCHESTER CANDLELIGHT CORP., Doing Business as PATRICIA MURPHY'S CANDLELIGHT RESTAURANT, Appellant.— In an action to recover damages for personal injury, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated December 26, 1962, as granted plaintiff's motion to direct defendant's attorney to furnish to plaintiff's attorneys a copy of the medical report rendered to defendant's insurance carrier by the doctor designated by it to examine the plaintiff. Order modified by amending the second subdivision of the second decretal paragraph, which granted the relief mentioned above, so as to provide that, as a condition thereto, plaintiff shall furnish to defendant, within 20 days after entry of the order hereon, a copy of the medical report of her physician, together with the necessary authorizations, as required by paragraph 2 of article II of the Special Rule of this court with respect to " physical examinations and exchange of medical information." As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to plaintiff. Before the commencement of the instant action and before plaintiff had retained counsel, the defendant's insurance carrier obtained plaintiff's written statement and her physical examination by its doctor. After the action was commenced, plaintiff demanded from defendant a copy of such statement and a copy of the report of the doctor who had conducted the physical examination. The demand for both was refused. Thereupon plaintiff moved to compel defendant's attorney to furnish copies of such statement and report. The motion was granted. Defendant appeals from both parts of the order, but now concedes that plaintiff is entitled to a copy of the statement which she had given. While it is true that the physical examination was not held pursuant to the Special Rule of this court, it is also true that the examination was held before plaintiff had retained counsel and before her rights could be adequately protected. In our opinion, under such circumstances, the parties should be placed in the same position they would be had plaintiff retained counsel prior to her physical examination. Therefore, plaintiff should be required to furnish to defendant a copy of the report of her own physician and the required authorizations, as provided by paragraph 2 of the rule; and the defendant, in turn, should be required to furnish to plaintiff a copy of the report of its doctor. If defendant should require a second physical examination after receipt of the report of plaintiff's doctor, defendant should have that opportunity. In such event, it should be required to thereafter deliver to plaintiff a copy of its doctor's report of said further examination. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.